**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jairo Escobar, Respondent,

v.

Federal Express Corporation, Employer, and Sedgwick CMS, Servicing Agent, Appellants.

Appellate Case No. 2011-199467

———————

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

———————

Unpublished Opinion No. 2012-UP-514
Submitted September 4, 2012 – Filed September 12, 2012

———————

**AFFIRMED**

———————

R. Daniel Addison, of Hedrick Gardner Kincheloe & Garofalo, LLP, of Columbia, for Appellant.

Scott M. Anderson, of Grimes Teich Anderson, LLP, of Greenville, for Respondent.

———————

**PER CURIAM:** Federal Express Corporation appeals the ruling of the Appellate Panel of the South Carolina Workers' Compensation Commission ordering it to provide a psychological evaluation to Jairo Escobar to determine whether his

depression is causally related to an admitted work injury.  Federal Express argues Escobar failed to meet his burden of proof and the order impermissibly shifts this burden to Federal Express.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authority: S.C. Code Ann. § 42-15-80(A) (Supp. 2011) ("After an injury and so long as he claims compensation, the employee, if so requested by his employer or ordered by the commission, shall submit himself to examination, at reasonable times and places, by a qualified physician or surgeon designated and paid by the employer or the commission.").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.